IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

IVAN JACKSON,                                    09-CV-3032-BR

             Plaintiff,                          OPINION AND ORDER
                                                 Portland Division
v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

             Defendant.


PHILIP W. STUDENBERG
200 Pine Street
Klamath Falls, OR 97601
(541) 882-1426

          Attorney for Plaintiff

KENT ROBINSON
Acting United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
Social Security Administration
**MICHAEL S. HOWARD**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2240

         Attorneys for Defendant


**BROWN, Judge.**

     Plaintiff Ivan Jackson seeks judicial review of a final
decision of the Commissioner of the Social Security Admini-
stration (SSA) in which he denied Plaintiff's applications for
Supplemental Security Income (SSI) and Disability Insurance
Benefits (DIB) under Titles XVI and II of the Social Security
Act.  This Court has jurisdiction to review the Commissioner's
final decision pursuant to 42 U.S.C. § 405(g).

     For the reasons that follow, the Court **AFFIRMS** the decision
of the Commissioner and **DISMISSES** this matter.


                  **ADMINISTRATIVE HISTORY**

     Plaintiff filed his applications for SSI and DIB on
December 21, 2005, and alleged a disability onset date of
January 1, 2002.  Tr. 110-14, 115-17.[1]  The applications were

─────────────────

     [1] Citations to the official transcript of record filed by
the Commissioner on August 4, 2009, are referred to as "Tr."

2 - OPINION AND ORDER

denied initially and on reconsideration.  Tr. 69-72.  An
Administrative Law Judge (ALJ) held a hearing on July 10, 2008.
At the hearing, Plaintiff was represented by an attorney.
Plaintiff and a vocational expert (VE) testified.  Tr. 27-68.

The ALJ issued a decision on September 3, 2008, in which he
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 9-26.  That decision became the final decision
of the Commissioner on March 2, 2009, when the Appeals Council
denied Plaintiff's request for review.  Tr. 1-4.


## BACKGROUND

Plaintiff was born on April 24, 1968, and was 40 years old
at the time of the hearing.  Tr. 33.  Plaintiff completed high
school.  Tr. 33.  Plaintiff has past relevant work experience as
a forest worker.  Tr. 56.

Plaintiff alleges disability due to bipolar disorder,
anxiety disorder, back problems, leg pain, right-side heart
failure, and diabetes.  Tr. 131.

Except when noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 15-23.

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

2001).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Robbins,*
466 F.3d at 882.  The Commissioner's decision must be upheld even
if the evidence is susceptible to more than one rational
interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir.
2005).  The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).


## DISABILITY ANALYSIS

**I.   The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential
inquiry to determine whether a claimant is disabled within the
meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.
2007).  *See also* 20 C.F.R. §§ 404.1520, 416.920.  Each step is
potentially dispositive.

In Step One, the claimant is not disabled if the Commis-
sioner determines the claimant is engaged in substantial gainful
activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052
(9th Cir. 2006).  *See also* 20 C.F.R. §§ 404.1520(a)(4)(I),
416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commis-
sioner determines the claimant does not have any medically severe
impairment or combination of impairments.  *Stout*, 454 F.3d at

1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii),
416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of a
number of listed impairments that the Commissioner acknowledges
are so severe they preclude substantial gainful activity.  *Stout*,
454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii),
416.920(a)(4)(iii).  The criteria for the listed impairments,
known as Listings, are enumerated in 20 C.F.R. part 404, subpart
P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's Residual Functional Capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite his limitations.  20 C.F.R.
§§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling
(SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a
day, for 5 days a week, or an equivalent schedule."  SSR 96-8p at
*1.  In other words, the Social Security Act does not require
complete incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d
1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's
RFC is at the heart of Steps Four and Five of the sequential
analysis engaged in by the ALJ when determining whether a
claimant can still work despite severe medical impairments.  An

improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 1, 2002.  Tr. 14.

At Step Two, the ALJ found Plaintiff has the severe

7 - OPINION AND ORDER

impairments of bipolar disorder, antisocial personality disorder, anxiety disorder, and degenerative disc disease at L4-5.  Tr. 14.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 14.  The ALJ found Plaintiff has the RFC to perform light work "except that lifting, pushing, and pulling are limited to 10 pounds frequently and 20 pounds occasionally."  Tr. 15.  The ALJ found Plaintiff can sit, stand, or walk up to six hours in an eight-hour work day, but "all postural activities are limited to occasional use."  Tr. 15.  The ALJ also found Plaintiff can "perform simple tasks and instructions only" and also can perform low-stress work that has a set routine.  Tr. 15.  Finally, the ALJ noted Plaintiff "would work better alone, but he can be near others, just not as part of an integral work crew."  Tr. 15.

At Step Four, the ALJ found Plaintiff is not capable of performing his past relevant work as a forest worker.  Tr. 25.

At Step Five, the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy.  Tr. 25. Accordingly, the ALJ found Plaintiff is not disabled.


## **DISCUSSION**

Plaintiff contends the ALJ erred when he (1) found Plaintiff's medically determinable impairments do not meet or

equal one of the listed impairments in 20 C.F.R. part 404,
subpart P, appendix 1 at Step Three and (2) posed an insufficient
hypothetical to the VE at Step Five.

**I.    The ALJ did not err at Step Three when he found Plaintiff's
        medically determinable impairments do not meet or equal one
        of the listed impairments in 20 C.F.R. part 404, subpart P,
        appendix 1.**

Plaintiff contends the ALJ erred at Step Three when he found
Plaintiff's impairments do not meet the B criteria of Listings
12.04, 12.06, or 12.08.

The B criteria of Listings 12.04, 12.06, and 12.08 all
require a claimant's impairments

> [to] [r]esult[] in at least two of the following:
>
> 1. Marked restriction of activities of daily
> living; or
>
> 2. Marked difficulties in maintaining social
> functioning; or
>
> 3. Marked difficulties in maintaining
> concentration, persistence, or pace; or
>
> 4. Repeated episodes of decompensation, each of
> extended duration.

20 C.F.R., part 404, subpart P, appendix 1, 12.04B, 12.06B,
12.08B.

> Episodes of decompensation are exacerbations or
> temporary increases in symptoms or signs
> accompanied by a loss of adaptive functioning, as
> manifested by difficulties in performing
> activities of daily living, maintaining social
> relationships, or maintaining concentration,
> persistence, or pace.  Episodes of decompensation
> may be demonstrated by an exacerbation in symptoms
> or signs that would ordinarily require increased

> treatment or a less stressful situation (or a
> combination of the two).  Episodes of
> decompensation may be inferred from medical
> records showing significant alteration in
> medication; or documentation of the need for a
> more structured psychological support system
> (e.g., hospitalizations, placement in a halfway
> house, or a highly structured and directing
> household); or other relevant information in the
> record about the existence, severity, and duration
> of the episode.
>
> The term repeated episodes of decompensation, each
> of extended duration in these listings means three
> episodes within 1 year, or an average of once
> every 4 months, each lasting for at least 2 weeks.

20 C.F.R., part 404, subpart P, appendix 1, 12.00C(3).

Plaintiff has the burden to establish that his impairments meet

or equal a listing.  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th

Cir. 2005).

Plaintiff contends he meets the B criteria of Listings

12.04, 12.06, or 12.08 because he suffers from marked

difficulties in maintaining social functioning and has had

repeated episodes of decompensation; he cites, for example, his

criminal activities and job losses due to fighting to support his

argument.

The ALJ noted Gregory Cole, Ph.D., examining psychologist,

diagnosed Plaintiff with bipolar disorder, anxiety disorder, pain

disorder, and a history of substance abuse.  Tr. 21, 464.

Nevertheless, Dr. Cole found Plaintiff did not exhibit any

significant problems with concentration or attention and

Plaintiff was able to perform simple routine tasks and simple

10 - OPINION AND ORDER

multi-step tasks.  Tr. 21, 465.  Dr. Cole opined Plaintiff's "primary factors" if he pursued vocational placement would be problems interacting with others, a tendency to give up easily on tasks, and "claimed pain problems."  Tr. 21, 465.  The ALJ also noted Michael Knapp, Ph.D., examining psychologist, found Plaintiff suffers from "a variety of psychological difficulties, including substance dependency problems, possible mood problems, chronic pain problems, and personality disorder problems."  Tr. 22, 614.  Dr. Knapp, however, concluded Plaintiff's personality disorder "could be expected to improve in the near future, and even now he does not seem to be nearly as antisocial as he has evidenced himself to be in the past."  Tr. 614.  The ALJ noted Dr. Knapp opined Plaintiff "is in legitimate need of SSD benefits."  Although Dr. Knapp noted Plaintiff has suffered from these psychological problems since his teen years, Dr. Knapp "did not account for how the claimant was able to work successfully in the past, even with the diagnosis of personality disorder."  Tr. 23.  The ALJ also noted the record is replete with references to Plaintiff's drug-seeking behavior.  For example, in May 2004 the Village Clinic, LLC, prohibited Plaintiff from returning because of his narcotics abuse.  Tr. 390.  In April 2006 Curtis Hanst, M.D., treating physician, considered withdrawing as Plaintiff's treating physician due to Plaintiff's excessive use of narcotic pain medication.  Tr. 503.

In January 2007 Dr. Hanst refused to continue to treat Plaintiff due to Plaintiff's "repetitive failure to stay within his prescribed dosages" and inappropriate comments and behavior when Dr. Hanst refused to provide him with oxycontin.  Tr. 475. Finally, the ALJ noted the record contains several references to Plaintiff working in California throughout 2006.  *See, e.g.*, Tr. 494, 496, 498, 510, 512-14.

The Court concludes on this record that the ALJ did not err when he found at Step Three that Plaintiff's impairments do not meet the B criteria of Listings 12.04, 12.06, or 12.08.

**II. The ALJ did not pose an insufficient hypothetical to the VE.**

At Step Five, the Commissioner must show the claimant can do other work that exists in the national economy.  *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).  The Commissioner can satisfy this burden by eliciting the testimony of a VE with a hypothetical question that sets forth all of the claimant's limitations.  *Id.*  The hypothetical posed to a VE includes only those limitations supported by substantial evidence in the record.  *Robbins v. Soc. Sec. Admin.,* 466 F.3d 883, 866 (9th Cir. 2006).

Plaintiff contends the ALJ did not pose a sufficient hypothetical to the VE because the ALJ failed to include Plaintiff's psychological limitation as to his inability to be near people due to his antisocial personality disorder.

In his hypothetical to the VE, the ALJ posited an individual who, among other things, was limited to simple tasks and instructions, who would do better in a low-stress occupation, and who would do "better to work by himself." Tr. 58-59. The ALJ noted "[th]ere's nothing indicates [*sic*] can't be near other workers in a work setting, but it would be better not to be part of an integral work crew." Tr. 59. The ALJ also cited the opinions of Drs. Cole and Knapp and, based on those opinions, included the limitation in his hypothetical that the individual should not work as part of a group. Plaintiff does not point to any evidence in the record that indicates he is totally incapable of being around other people in a work setting. In fact, Plaintiff's medical record merely suggests Plaintiff has trouble working interactively as part of a group or set.

On this record, the Court concludes the ALJ did not err when he did not include in the hypothetical posed to the VE a limitation that Plaintiff is unable to work near people due to his antisocial personality disorder.


## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 19th day of January, 2010.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

14 - OPINION AND ORDER

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **IVAN JACKSON,** | **09-CV-3032-BR** |
| **Plaintiff,** | **OPINION AND ORDER**<br>**Portland Division** |
| **v.** | |
| **MICHAEL J. ASTRUE,**<br>**Commissioner of Social**<br>**Security,** | |
| **Defendant.** | |

**PHILIP W. STUDENBERG**
200 Pine Street
Klamath Falls, OR 97601
(541) 882-1426

      Attorney for Plaintiff

**KENT ROBINSON**
Acting United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
Social Security Administration
**MICHAEL S. HOWARD**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2240

      Attorneys for Defendant


**BROWN, Judge.**

      Plaintiff Ivan Jackson seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

      Plaintiff filed his applications for SSI and DIB on December 21, 2005, and alleged a disability onset date of January 1, 2002.  Tr. 110-14, 115-17.[1]  The applications were

---

      [1] Citations to the official transcript of record filed by the Commissioner on August 4, 2009, are referred to as "Tr."

2 - OPINION AND ORDER

denied initially and on reconsideration.  Tr. 69-72.  An
Administrative Law Judge (ALJ) held a hearing on July 10, 2008.
At the hearing, Plaintiff was represented by an attorney.
Plaintiff and a vocational expert (VE) testified.  Tr. 27-68.

The ALJ issued a decision on September 3, 2008, in which he
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 9-26.  That decision became the final decision
of the Commissioner on March 2, 2009, when the Appeals Council
denied Plaintiff's request for review.  Tr. 1-4.


## **BACKGROUND**

Plaintiff was born on April 24, 1968, and was 40 years old
at the time of the hearing.  Tr. 33.  Plaintiff completed high
school.  Tr. 33.  Plaintiff has past relevant work experience as
a forest worker.  Tr. 56.

Plaintiff alleges disability due to bipolar disorder,
anxiety disorder, back problems, leg pain, right-side heart
failure, and diabetes.  Tr. 131.

Except when noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 15-23.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

4 - OPINION AND ORDER

2001).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Robbins,*
466 F.3d at 882.  The Commissioner's decision must be upheld even
if the evidence is susceptible to more than one rational
interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir.
2005).  The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential
inquiry to determine whether a claimant is disabled within the
meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.
2007).  *See also* 20 C.F.R. §§ 404.1520, 416.920.  Each step is
potentially dispositive.

In Step One, the claimant is not disabled if the Commis-
sioner determines the claimant is engaged in substantial gainful
activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052
(9th Cir. 2006).  *See also* 20 C.F.R. §§ 404.1520(a)(4)(I),
416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commis-
sioner determines the claimant does not have any medically severe
impairment or combination of impairments.  *Stout*, 454 F.3d at

5 - OPINION AND ORDER

1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii),
416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of a
number of listed impairments that the Commissioner acknowledges
are so severe they preclude substantial gainful activity.  *Stout*,
454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii),
416.920(a)(4)(iii).  The criteria for the listed impairments,
known as Listings, are enumerated in 20 C.F.R. part 404, subpart
P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's Residual Functional Capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite his limitations.  20 C.F.R.
§§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling
(SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a
day, for 5 days a week, or an equivalent schedule."  SSR 96-8p at
*1.  In other words, the Social Security Act does not require
complete incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d
1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's
RFC is at the heart of Steps Four and Five of the sequential
analysis engaged in by the ALJ when determining whether a
claimant can still work despite severe medical impairments.  An

6 - OPINION AND ORDER

improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).


## **ALJ'S FINDINGS**

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 1, 2002.  Tr. 14.

At Step Two, the ALJ found Plaintiff has the severe

7 - OPINION AND ORDER

impairments of bipolar disorder, antisocial personality disorder, anxiety disorder, and degenerative disc disease at L4-5.  Tr. 14.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 14.  The ALJ found Plaintiff has the RFC to perform light work "except that lifting, pushing, and pulling are limited to 10 pounds frequently and 20 pounds occasionally."  Tr. 15.  The ALJ found Plaintiff can sit, stand, or walk up to six hours in an eight-hour work day, but "all postural activities are limited to occasional use."  Tr. 15.  The ALJ also found Plaintiff can "perform simple tasks and instructions only" and also can perform low-stress work that has a set routine.  Tr. 15.  Finally, the ALJ noted Plaintiff "would work better alone, but he can be near others, just not as part of an integral work crew."  Tr. 15.

At Step Four, the ALJ found Plaintiff is not capable of performing his past relevant work as a forest worker.  Tr. 25.

At Step Five, the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy.  Tr. 25. Accordingly, the ALJ found Plaintiff is not disabled.


## **DISCUSSION**

Plaintiff contends the ALJ erred when he (1) found Plaintiff's medically determinable impairments do not meet or

equal one of the listed impairments in 20 C.F.R. part 404,

subpart P, appendix 1 at Step Three and (2) posed an insufficient

hypothetical to the VE at Step Five.

**I.    The ALJ did not err at Step Three when he found Plaintiff's
medically determinable impairments do not meet or equal one
of the listed impairments in 20 C.F.R. part 404, subpart P,
appendix 1.**

Plaintiff contends the ALJ erred at Step Three when he found

Plaintiff's impairments do not meet the B criteria of Listings

12.04, 12.06, or 12.08.

The B criteria of Listings 12.04, 12.06, and 12.08 all

require a claimant's impairments

> [to] [r]esult[] in at least two of the following:
>
> 1. Marked restriction of activities of daily
> living; or
>
> 2. Marked difficulties in maintaining social
> functioning; or
>
> 3. Marked difficulties in maintaining
> concentration, persistence, or pace; or
>
> 4. Repeated episodes of decompensation, each of
> extended duration.

20 C.F.R., part 404, subpart P, appendix 1, 12.04B, 12.06B,

12.08B.

> Episodes of decompensation are exacerbations or
> temporary increases in symptoms or signs
> accompanied by a loss of adaptive functioning, as
> manifested by difficulties in performing
> activities of daily living, maintaining social
> relationships, or maintaining concentration,
> persistence, or pace.  Episodes of decompensation
> may be demonstrated by an exacerbation in symptoms
> or signs that would ordinarily require increased

9 - OPINION AND ORDER

> treatment or a less stressful situation (or a
> combination of the two).  Episodes of
> decompensation may be inferred from medical
> records showing significant alteration in
> medication; or documentation of the need for a
> more structured psychological support system
> (e.g., hospitalizations, placement in a halfway
> house, or a highly structured and directing
> household); or other relevant information in the
> record about the existence, severity, and duration
> of the episode.
>
> The term repeated episodes of decompensation, each
> of extended duration in these listings means three
> episodes within 1 year, or an average of once
> every 4 months, each lasting for at least 2 weeks.

20 C.F.R., part 404, subpart P, appendix 1, 12.00C(3).

Plaintiff has the burden to establish that his impairments meet
or equal a listing.  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th
Cir. 2005).

Plaintiff contends he meets the B criteria of Listings
12.04, 12.06, or 12.08 because he suffers from marked
difficulties in maintaining social functioning and has had
repeated episodes of decompensation; he cites, for example, his
criminal activities and job losses due to fighting to support his
argument.

The ALJ noted Gregory Cole, Ph.D., examining psychologist,
diagnosed Plaintiff with bipolar disorder, anxiety disorder, pain
disorder, and a history of substance abuse.  Tr. 21, 464.
Nevertheless, Dr. Cole found Plaintiff did not exhibit any
significant problems with concentration or attention and
Plaintiff was able to perform simple routine tasks and simple

10 - OPINION AND ORDER

multi-step tasks.  Tr. 21, 465.  Dr. Cole opined Plaintiff's
"primary factors" if he pursued vocational placement would be
problems interacting with others, a tendency to give up easily on
tasks, and "claimed pain problems."  Tr. 21, 465.  The ALJ also
noted Michael Knapp, Ph.D., examining psychologist, found
Plaintiff suffers from "a variety of psychological difficulties,
including substance dependency problems, possible mood problems,
chronic pain problems, and personality disorder problems."
Tr. 22, 614.  Dr. Knapp, however, concluded Plaintiff's
personality disorder "could be expected to improve in the near
future, and even now he does not seem to be nearly as antisocial
as he has evidenced himself to be in the past."  Tr. 614.  The
ALJ noted Dr. Knapp opined Plaintiff "is in legitimate need of
SSD benefits."  Although Dr. Knapp noted Plaintiff has suffered
from these psychological problems since his teen years, Dr. Knapp
"did not account for how the claimant was able to work
successfully in the past, even with the diagnosis of personality
disorder."  Tr. 23.  The ALJ also noted the record is replete
with references to Plaintiff's drug-seeking behavior.  For
example, in May 2004 the Village Clinic, LLC, prohibited
Plaintiff from returning because of his narcotics abuse.
Tr. 390.  In April 2006 Curtis Hanst, M.D., treating physician,
considered withdrawing as Plaintiff's treating physician due to
Plaintiff's excessive use of narcotic pain medication.  Tr. 503.

In January 2007 Dr. Hanst refused to continue to treat Plaintiff due to Plaintiff's "repetitive failure to stay within his prescribed dosages" and inappropriate comments and behavior when Dr. Hanst refused to provide him with oxycontin.  Tr. 475. Finally, the ALJ noted the record contains several references to Plaintiff working in California throughout 2006.  *See, e.g.*, Tr. 494, 496, 498, 510, 512-14.

The Court concludes on this record that the ALJ did not err when he found at Step Three that Plaintiff's impairments do not meet the B criteria of Listings 12.04, 12.06, or 12.08.

**II. The ALJ did not pose an insufficient hypothetical to the VE.**

At Step Five, the Commissioner must show the claimant can do other work that exists in the national economy.  *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).  The Commissioner can satisfy this burden by eliciting the testimony of a VE with a hypothetical question that sets forth all of the claimant's limitations.  *Id.*  The hypothetical posed to a VE includes only those limitations supported by substantial evidence in the record.  *Robbins v. Soc. Sec. Admin.,* 466 F.3d 883, 866 (9th Cir. 2006).

Plaintiff contends the ALJ did not pose a sufficient hypothetical to the VE because the ALJ failed to include Plaintiff's psychological limitation as to his inability to be near people due to his antisocial personality disorder.

12 - OPINION AND ORDER

In his hypothetical to the VE, the ALJ posited an individual who, among other things, was limited to simple tasks and instructions, who would do better in a low-stress occupation, and who would do "better to work by himself." Tr. 58-59. The ALJ noted "[th]ere's nothing indicates [*sic*] can't be near other workers in a work setting, but it would be better not to be part of an integral work crew." Tr. 59. The ALJ also cited the opinions of Drs. Cole and Knapp and, based on those opinions, included the limitation in his hypothetical that the individual should not work as part of a group. Plaintiff does not point to any evidence in the record that indicates he is totally incapable of being around other people in a work setting. In fact, Plaintiff's medical record merely suggests Plaintiff has trouble working interactively as part of a group or set.

On this record, the Court concludes the ALJ did not err when he did not include in the hypothetical posed to the VE a limitation that Plaintiff is unable to work near people due to his antisocial personality disorder.


## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 19th day of January, 2010.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

14 - OPINION AND ORDER